IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Gorav Jindal *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Accredited Home Lenders, Inc. *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 1:10cv1142 (LO/TRJ)

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiffs' motion (no. 35) for default judgment against defendant Stanley Capital Mortgage Company, Inc. For the reasons stated below, the magistrate judge recommends that plaintiffs' motion be denied without prejudice.

**Jurisdiction and Venue**

This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, as plaintiffs state claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 1601 *et seq.* ("RESPA"), and plaintiffs' claims under state law share a "common nucleus of operative fact" with their federal law claims, thereby forming part of the same case or controversy. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to plaintiffs' claims occurred in this district.

**Procedural History**

Plaintiffs filed the complaint (no. 1) in this matter on October 12, 2010. On April 4, 2011, plaintiffs filed a first amended complaint (no. 6). On April 6, 2011, plaintiffs served (no. 8) a summons, the original complaint, and the first amended complaint on defendant Stanley Capital Mortgage Company, Inc. ("Stanley Capital").

On July 15, 2011, the court granted in part and denied in part (no. 28) a motion (no. 13) to dismiss filed by defendant Litton Loan Servicing, LP ("Litton"), dismissing certain of plaintiffs' claims against Litton with prejudice and certain claims without prejudice. Plaintiffs were granted 30 days to file an amended complaint if they so chose.

On August 15, 2011, plaintiffs filed motions (nos. 30, 32) for an extension of time to file a second amended complaint and to add a defendant. On August 30, 2011, plaintiffs filed the instant motion for default judgment against Stanley Capital. The Clerk entered default (no. 38) as to Stanley Capital on September 8, 2011. Also on September 8, 2011, the court granted (no. 39) plaintiffs leave to file a second amended complaint no later than September 15, 2011.

Plaintiffs filed a second amended complaint (no. 40) on September 15, 2011. On October 17, 2011, with leave of the court (no. 46) defendants Litton and U.S. Bank, National Association ("U.S. Bank") filed a motion (no. 47) to dismiss the second amended complaint.

On October 19, 2011, the court held a hearing (no. 49) on the instant motion, at which plaintiff Gorav Jindal testified to plaintiffs' damages.

On December 20, 2011, the court denied (no. 62) Litton's and U.S. Bank's motion to dismiss, and those defendants accordingly filed an answer (no. 63) to the second amended complaint on January 12, 2012.

Stanley Capital has not answered or otherwise responded.

## Analysis

Under Fourth Circuit precedent, when a complaint alleges joint and/or several liability against multiple defendants or that multiple defendants are "otherwise closely interrelated," it is inappropriate for a court to enter default judgment against one defendant while claims are still pending as to the other defendants. *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 434-35 (E.D. Va. 2006) (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942 (4th Cir. 1967); *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)) (Dohnal, M.J.).

In this case, plaintiffs assert joint and/or several liability against several defendants who are alleged to be closely interrelated through the events giving rise to this action. Counts I, II, III, IV, and V of both the first amended complaint and the second amended complaint[1] assert claims against Stanley Capital. The first amended complaint, as impacted by the court's July 15, 2011 order of dismissal, was the operative complaint at the time plaintiffs filed the motion for default judgment against Stanley Capital on August 30, 2011 and at the time the Clerk entered default as to Stanley Capital on September 8, 2011.

Counts I, II, IV, and V of the first amended complaint allege fraud in lending terms, breach of contract, unjust enrichment, and violation of the Florida Deceptive and Unfair Trade Practices Act, respectively. After dismissal of those counts with prejudice as to Litton, and as reflected in the second amended complaint, those claims are made against Stanley Capital and defendant Accredited Home Lenders, Inc. ("AHL"). AHL has not answered or otherwise responded, but plaintiffs have not requested entry of default or moved for default judgment

---

[1] There is nothing in the record suggesting that plaintiffs served, by mail or otherwise, the second amended complaint on Stanley Capital, but because the second amended complaint does not assert new claims against Stanley Capital and because Stanley Capital is in default for failure to appear, no such service was required. *See Jefferson*, 461 F. Supp. 2d at 431 n.1.

against it. There thus exists the possibility that the court may be required to make factual findings as to AHL that could affect a ruling on the merits with respect to Stanley Capital. *Cf. Jefferson*, 461 F. Supp. 2d at 431 n.1 (finding that the facts to be considered were those of the operative complaint and the undisputed facts found on summary judgment). Furthermore, the second amended complaint, which added U.S. Bank as a defendant, names U.S. Bank as successor in interest to AHL. *See* Sec. Am. Compl. ¶ 14. Thus, to the extent that plaintiff seeks to impose liability against U.S. Bank for AHL's actions, there is an answering defendant whose litigation of this matter will affect Counts I, II, IV, and V.

Count III of the first amended complaint alleges unjust enrichment against all defendants. That count was dismissed without prejudice as to Litton, and plaintiffs have re-pled the count in the second amended complaint, again charging all defendants. Entry of default judgment against Stanley Capital as to Count III is therefore inappropriate at this time.

## **Recommendation**

The magistrate judge recommends that plaintiffs' motion for default judgment be denied without prejudice.

## **Notice**

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant Stanley Capital at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

January 26, 2012
Alexandria, Virginia